**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| AMGEN INC. and AMGEN MANUFACTURING, LIMITED, | : : : : | |
| Plaintiffs, | : : : | |
| v. | : : | C.A. No. 18-1064-CFC-CJB |
| HOSPIRA, INC. and PFIZER INC., | : : | **PUBLIC VERSION** |
| Defendants. | : : : | |

**CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF
THE ASSERTED CLAIMS OF U.S. PATENT NO. 9,643,997**

# TABLE OF CONTENTS

I.   The Asserted Claims ............................................................................... 1

II.  Prosecution History of the '997 Patent ................................................... 1

III. Pfizer's Manufacturing Process .............................................................. 3

IV.  Pfizer's "███████████████████████████████" Generates a Precipitate ............................................................................................... 6

i

## CONCISE STATEMENT OF UNDISPUTED FACTS

The following undisputed facts support Hospira, Inc. and Pfizer Inc.'s (collectively, "Pfizer") motion for summary judgment of noninfringement of claims 17, 18, and 26 ("the Asserted Claims") of U.S. Patent No. 9,643,997 ("the '997 patent").

### I.     The Asserted Claims

1.     Every Asserted Claim depends, directly or indirectly, from claim 9, which recites, among other limitations, "applying the refold solution to a separation matrix."  Ex. A[1], '997 patent, cl. 9(c).

2.     During claim construction, the parties agreed that "applying the refold solution to a separation matrix" means "applying the refold solution to a separation matrix without intervening steps of dilution, centrifugation, dialysis, or precipitation."  Ex. A, '997 patent, cl. 9(c); Ex. P, Joint Disputed Claim Terms Chart at 4, D.I. 40-1.

### II.    Prosecution History of the '997 Patent

3.     Originally filed claim 9 in the application that led to the '997 patent recited the step of "applying the refold solution to a separation matrix under conditions suitable for the protein to associate with the matrix."  Ex. B at AMGPFIZG00001202.  During prosecution, the Examiner rejected claim 9 as

---

[1] "Ex. __" refers to the Exhibits to the Declaration of Kevin J. Georgek attached hereto.

1

anticipated by U.S. Patent No. 7,138,370 ("Oliner").  *Id.* at AMGPFIZG00001334-35.

4.    In response to the Examiner's rejection, Amgen distinguished the process described in Oliner from the process recited in claim 9:

> Claim 9 recites, *inter alia*, (b) forming a refold solution; and (c) applying the refold solution to a separation matrix under conditions suitable for the protein to associate with the matrix.  **In contrast, [Oliner] recites that the refolded protein is subject to dialysis, precipitation, and centrifugation**.  The supernatant of the [Oliner] patent is then pH adjusted and loaded onto a column.  **Because the [Oliner] patent does not recite forming a refold solution and applying the refold solution to a separation matrix, [Oliner] fails to teach each and every element of claim [9].**

Ex. B at AMGPFIZG00001360 (emphasis added).  The Examiner withdrew the rejection of claim 9 in view of the applicants' arguments.  *Id.* at AMGPFIZG00001472.

5.    During prosecution, Amgen surrendered three specific intervening steps that had been disclosed in a prior-art reference: dialysis, precipitation, and centrifugation.  Ex. C, Patent Owner's Preliminary Response, IPR2019-00797 Paper 7 at 17-21.

6.    In describing the work that led to the '997 patent, inventor Roger Hart referred to ████████████████████████████████████████████

████████████████████████████████████████████



 Ex. D, Hart Tr. at 115:7-119:22, 162:12-17, 167:7-21.

## III.   Pfizer's Manufacturing Process

7.   The active ingredient in Nivestym® is recombinant methionyl human granulocyte-colony stimulating factor ("G-CSF"), whose generic name is filgrastim.  Ex. E, aBLA No. 761080 Module 2.3.S.1 at HOS-FILG-00000148.

8.



3

Ex. M, aBLA No. 761080 Module 2.3.S.2 at HOS-FILG-00000156; Ex. F,

Rebuttal Expert Report of Carl Scandella, Ph.D. ("Scandella Rebuttal") ¶¶ 100,

102; Ex. G, Opening Expert Report of Andrew Zydney, Ph.D. ("Zydney Opening")

¶¶ 36-38.



9.

Ex. I, aBLA No. 761080 Module 3.2.S.2.2 at HOS-FILG-00004467-68;

Ex. F, Scandella Rebuttal ¶¶ 113-15; Ex. Q, Opening Expert Report of Barry

Rosenblatt, Ph.D. ("Rosenblatt Opening") ¶¶ 34-35; *see* Ex. G, Zydney Opening ¶¶

36-38.

10.

4



Ex. I, aBLA No. 761080 Module 3.2.S.2.2 at HOS-FILG-00004454; Ex. F, Scandella Rebuttal ¶¶ 115-18; Ex. G, Zydney Opening ¶¶ 36-38; Ex. H, Deposition Transcript of Andrew Zydney, Ph.D. ("Zydney Tr.") at 170:13-17, 171:16-21; Ex. Q, Rosenblatt Opening ¶¶ 36-38.

11.

Ex. I, aBLA No. 761080 Module 3.2.S.2.2 at HOS-FILG-00004469-70; Ex. F, Scandella Rebuttal ¶ 117; Ex. Q, Rosenblatt Opening ¶ 36; *see* Ex. H, Zydney Tr. at 98:13-20.

**IV.    Pfizer's "** ███████████████████████████████████ **"
    Generates a Precipitate**

12.    ████████████████████████████████████████████████████

███



Ex. J, aBLA No. 761080 Module 3.2.S.2.5 at HOS-FILG-00004570 (emphasis

added); Ex. H, Zydney Tr. at 106:6-107:2.

13.    Amgen's expert, Dr. Zydney, admitted that he has "no basis to

dispute" the statement in Pfizer's aBLA (*see supra* ¶ 12) describing the removal of

precipitated impurities during Pfizer's ████████████████ :

> **Question:** And would you agree in describing Pfizer's
> ████████████████ , as it does in Defendants' Exhibit
> 135A, which was part of the aBLA that you reviewed,
> Pfizer notes that there was precipitation with the ██
> ████████ ?
>
> **Amgen's Expert Dr. Zydney:** They say that their - - that
> the ████████ removed precipitated impurities.
>
> **Question:** And you have no basis to dispute that
> statement, correct?
>
> **Amgen's Expert Dr. Zydney: <u>I have no basis to
> dispute that statement</u>**.
>
> **Question:** Okay. And then they say that after the ████
> ████████ , the solution was ████████

6

██████████ to remove additional precipitate, is that correct?

**Amgen's Expert Dr. Zydney:** That is what it says.

**Question:** And you have no basis to dispute that statement, correct?

**Amgen's Expert Dr. Zydney:** That is correct.

Ex. H, Zydney Tr. at 106:6-107:2.

14.    Dr. Zydney acknowledged that Pfizer's documents indicate that at

Pfizer's ██████████, "there is some material which precipitates":

**Question:** Do you have an opinion as to whether or not there is a step in Pfizer's aBLA process by which materials that were previously in solution become insoluble and are deposited in solid form from the solution?

**Amgen's Expert Dr. Zydney:** So, within the batch records there is described a ██████████.  **There is reference in some of the documents that indicate that at that step, there is some material which precipitates.**

Ex. H, Zydney Tr. at 96:11-20.

15.    Dr. Zydney admitted that "there were certainly documents that said that precipitat[ion] occurred ██████████████████████" in Pfizer's process and that since he has not seen Pfizer's process in operation, he has "no basis to contest that there may have been precipitation":

**Question:** And have you seen documents that, ██████████ ██████████, there is precipitation in Pfizer's process?

**Amgen's Expert Dr. Zydney:** I don't know whether the documents specifically point it out that ███████████ ██████████ there was precipitation, but **there were certainly documents that said that precipitat[ion] occurred** ███████████████████████.

**Question:** Okay. And if there are documents that say that ██████████████████████ there is precipitation in Pfizer's process, you would have no basis to contest that, correct?

[objection]

**Amgen's Expert Dr. Zydney:** Since I have not seen the process in operation, **I have no basis to contest that there may have been precipitation.**

Ex. H, Zydney Tr. at 98:21-99:14; *see also id.* at 96:11-20, 106:6-107:2.

16.    Precipitation refers to the process by which materials that were previously in solution become insoluble and are deposited in solid form from the solution.  The insoluble material that emerges from the solution is referred to as the "precipitate."  Ex. G, Zydney Opening ¶ 67; Ex. H, Zydney Tr. at 94:21-96:10; Ex. F, Scandella Rebuttal ¶¶ 87, 174.

17.    The Director of Manufacturing, Science & Technology at Hospira Zagreb d.o.o., Dr. Goran Valinger, has personal knowledge of Pfizer's filgrastim manufacturing process and he has seen that process in operation.  Ex. F, Scandella Rebuttal at Exhibit 4, Declaration of Goran Valinger, Ph.D, ("Valinger Declaration") ¶ 1; Ex. H, Zydney Tr. at 99:15-22.

8

18.    Dr. Valinger started working on the filgrastim product that is the subject of this lawsuit in 2006 and he was responsible for drafting and reviewing portions of Pfizer's aBLA describing the manufacturing process for filgrastim.  Ex. F, Valinger Declaration ¶¶ 1-2; Ex. H, Zydney Tr. at 100:4-21.

19.

Ex. F, Valinger Declaration ¶ 2 (emphasis added); Ex. F, Scandella Rebuttal ¶ 202.

20.    Amgen's expert, Dr. Zydney, admitted that he has "no basis to contest any of the statements" in the Valinger Declaration.  Ex. H, Zydney Tr. at 100:4-21, 99:15-102:9.

21.

Ex. J, aBLA No. 761080 Module 3.2.S.2.5 at HOS-FILG-00004570; Ex. F, Valinger Declaration ¶ 2; Ex. H, Zydney Tr. at 96:11-20, 98:21-99:14, 100:4-21, 106:6-107:2.

22.    █████████████████████████████████████████████

███████████████████████████████████████████████████████

███████    Ex. J, aBLA No. 761080 Module 3.2.S.2.5 at HOS-FILG-00004570;

Ex. F, Valinger Declaration ¶ 2; Ex. H, Zydney Tr. at 96:11-20, 98:21-99:14,

100:4-21, 106:6-107:2.

*Of Counsel:*

| | |
|---|---|
| Dimitrios T. Drivas | /s/ *Arthur G. Connolly III* |
| Alison Hanstead | Arthur G. Connolly III (#2667) |
| John Scheibeler | Stephanie S. Riley (#5803) |
| Kevin Georgek | Brandon R. Harper (#6418) |
| Brigid Bone | CONNOLLY GALLAGHER LLP |
| WHITE & CASE LLP | 1201 North Market Street |
| 1221 Avenue of the Americas | 20th Floor |
| New York, NY 10020 | Wilmington, DE 19801 |
| (212) 819-8200 | (302) 757-7300 |
| | Facsimile: (302) 757-7299 |
| Jaclyn Phillips | aconnolly@connollygallagher.com |
| WHITE & CASE LLP | sriley@connollygallagher.com |
| 701 13th Street NW | bharper@connollygallagher.com |
| Washington, DC 20005 | |
| (202) 626-3600 | |
| | *Attorneys for Pfizer Inc. and Hospira, Inc.* |
| Elizabeth Chang | |
| WHITE & CASE LLP | |
| 555 South Flower Street, Suite 2700 | |
| Los Angeles, CA 90071 | |
| (213) 620-7853 | |

February 17, 2021

11

# CERTIFICATE OF COMPLIANCE

This concise statement of facts complies with the November 6, 2019 Standing Order Regarding Briefing in all Cases and the revised March 2, 2020 Scheduling Order for Patent Cases in Which Infringement is Alleged.  The text of this concise statement of facts is in 14-point Times New Roman font and it contains 1,733 words based on a count made by Microsoft Word, excluding the caption page, table of contents, and signature block.

/s/ *Arthur G. Connolly III*
Arthur G. Connolly III (#2667)