IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN INC. and AMGEN MANUFACTURING, LIMITED, | : : : : | C.A. No. 18-1064-CFC-CJB |
| Plaintiffs, | : : | **Public Version** |
| v. | : : | |
| HOSPIRA, INC. and PFIZER INC., | : : : | |
| Defendants. | : : | |

**PFIZER'S OPPOSITION TO AMGEN'S MOTION TO STRIKE
ITS PRIOR-COMMERCIAL-USE DEFENSE UNDER 35 U.S.C. § 273**

Amgen is correct that Pfizer did not plead non-infringement by prior commercial use under 35 U.S.C. § 273 as an affirmative defense in its Answer and did not expressly raise the defense until its exchange of the draft pretrial order on July 9, 2021. This lapse was inadvertent and not in bad faith. The facts on which the defense is based are the very same as those that are the basis for invalidity due to prior public knowledge and use under 35 U.S.C. § 102 and are well known to Amgen. Amgen has not been prejudiced.

Amgen has taken extensive discovery on every issue that Amgen identified in its Motion to Strike as relevant to non-infringement under 35 U.S.C. § 273. *See* D.I. 299, Amgen's Motion to Strike Pfizer's Prior-Commercial-Use Defense, at 9-13 ("Amgen Mot."). The facts underlying the defense are the same as those that Amgen alleges are undisputed in its motion for partial summary judgment of no invalidity under the public-knowledge and public-use provisions of 35 U.S.C. §§ 102(a) and (b). D.I. 209 at 1-5; D.I. 208 at 4-11. To support its summary judgment motion, Amgen argued that the preclinical and clinical activities performed in the United States in 2006 and 2007 were not known to the public and not prior art. D.I. 208 at 12-24. Those same activities constitute prior commercial uses under 35 U.S.C. § 273(c)(1) and give rise to a defense to infringement. *See, e.g.*, D.I. 226 at 5-7.

Justice and the public interest support denying Amgen's motion to strike and permitting Pfizer to assert a defense to infringement that, if successful, would serve the critical public interest in affordable access to pharmaceutical drugs that prolong and save lives. *See, e.g.*, *Genentech, Inc. v. Immunex R.I. Corp.*, 395 F. Supp. 3d 357, 366, n.6 (D. Del. 2019) (Connolly, J.) ("For pharmaceutical drugs that prolong and save lives, there is a critical public interest in affordable access to those drugs."); *Genentech, Inc. v. City of Hope v. Amgen Inc.*, No. 18-924-CFC, 2019 U.S. Dist. LEXIS 121674, at *8 n.7 (D. Del. July 18, 2019) (same).

This case arises under the Biologics Price Competition and Innovation Act ("BPCIA"). The BPCIA "strike[s] a balance between the competing policies of facilitating the introduction of low-cost, generic versions of biologics in the market and providing incentives for pioneering research and development of new biologics." *Genentech, Inc.*, 395 F. Supp. 3d at 360. The biologic that Amgen seeks to protect from competition in this litigation, Neupogen®, has been off-patent since 2013. D.I. 208 at fn.1. The later-issued patent in suit (U.S. Patent No. 9,643,997), claiming a purported improvement in protein purification, does not even mention filgrastim (the active ingredient in Neupogen®). The policy interest in "providing incentives for pioneering research and development of new biologics" is therefore not served by Amgen's assertion of the '997 patent. *Id.* However, permitting Pfizer to assert a defense to infringement under 35 U.S.C.

§ 273 serves one of the BPCIA's stated policies of facilitating the introduction of low-cost generic biologics.

Pfizer requests that the Court deny Amgen's motion to strike Pfizer's prior-commercial-use defense to infringement under 35 U.S.C. § 273 and grant Pfizer leave to amend its Answer to Amgen's First Amended and Supplemental Complaint to add an affirmative defense under 35 U.S.C. § 273. *See* Pfizer's Motion for Leave to Amend its Answer to Amgen's First Amended and Supplemental Complaint, filed herewith.

### A. The Prior-Commercial-Use Defense - 35 U.S.C. § 273

The prior-commercial-use defense applies where a person, acting in good faith, "commercially used" subject matter consisting of a "process . . . that would otherwise infringe a claimed invention being asserted against" it if such person "commercially used the subject matter in the United States" and such a commercial use occurred at least one year before the earlier of either "(A) the effective filing date of the claimed invention; or (B) the date on which the claimed invention was disclosed to the public in a manner that qualified for the exception from prior art under section 102(b)." 35 U.S.C. § 273(a). As relevant here, the statute provides that "[s]ubject matter for which commercial marketing or use is subject to a premarketing regulatory review period during which the safety or efficacy of the subject matter is established . . . shall be deemed to be commercially used for

3

purposes of subsection (a)(1) during such regulatory review period." 35 U.S.C.
§ 273(c)(1). The defense is personal and must be established by clear and convincing evidence. The same preclinical and clinical activities that serve as the basis for Pfizer's invalidity defenses under the public-knowledge and public-use provisions in 35 U.S.C. §§ 102(a) and (b) also constitute commercial uses under 35 U.S.C. § 273.

### B. Amgen Does Not Dispute the Facts Underlying Pfizer's Prior-Commercial-Use Defense

The following undisputed facts were set forth by Amgen in support of its motion for partial summary judgment of no invalidity under the public-knowledge and public-use provisions of 35 U.S.C. §§ 102(a) and (b). D.I. 209 at 1-5; D.I. 208 at 4-11. These same facts underlie Pfizer's prior-commercial-use defense.

- In 2005, Pliva Croatia, Ltd. ("Pliva") entered into a Development, Supply, and Marketing Agreement with U.S.-based Barr Laboratories, Inc. ("Barr") to jointly develop filgrastim for the U.S. market. D.I. 208 at 5; D.I. 211, Wu Decl. Ex. 4 at HOS-FILG-01853090. Barr acquired Pliva in 2006. In 2009, Hospira acquired the rights to Pliva's filgrastim product from Barr (then part of Teva). D.I. 208 at 3.
- Current Hospira employee Domagoj Runac is the Managing Director and Site Leader at Hospira Zagreb and was formerly Senior Project Director

4

for Biogenerics at Pliva. Current Hospira employee Goran Valinger is the Director of Manufacturing Science and Technology at Hospira Zagreb and was formerly the Director of Biotechnology at Pliva, at the time Pliva entered into the Development, Supply, and Marketing Agreement with Barr. D.I. 208 at 6 n.6.

- [REDACTED]

- Pliva's process for making filgrastim was disclosed to Barr and the FDA no later than 2007. D.I. 208 at 9; D.I. 211, Wu Decl. Ex. 15 at HOS-FILG-00619712, Wu Decl. Ex. 18 at HOS-FILG-01852690, Wu Decl. Ex. 19 at HOS-FILG-01096945, Wu Decl. Ex. 20 at 39, Wu Decl. Ex. 21 at 39.

- The filgrastim product samples shipped to the contract research organizations (SRI and MDS) were made in 2006 using a process described in Pliva's 2006 batch records. D.I. 211, Wu Decl. Ex. 22 ¶

158, Wu Decl. Ex. 23 ¶ 226; Wu Decl. Ex. 2 at 61; Wu Decl. Ex. 3 at 35–37.

- In 2009, Hospira acquired the rights to Pliva's filgrastim product from Barr. *See* D.I. 208 at fn.3.

As set forth in Pfizer's opposition to Amgen's motion for partial summary judgment, Pfizer maintains that the use of Pliva's filgrastim in preclinical and clinical studies, coupled with existing knowledge in the public domain of processes for purifying G-CSF, constitutes invalidating knowledge by others and public use in this country prior to the critical date of the subject matter of the Asserted Claims under 35 U.S.C. §§ 102(a) and (b). D.I. 226 Sec. IV.B.

### C. Amgen Has Not Been Deprived of the Discovery it Claims it Needs to Respond to Pfizer's Prior-Commercial-Use Defense

Amgen has taken extensive discovery of the facts underlying Pfizer's prior-commercial-use defense. The first Scheduling Order in this case permitted each side to supplement their initial infringement and invalidity contentions on or before August 30, 2019. D.I. 26 at 3. The parties agreed to extend the deadline for supplementing initial contentions to October 11, 2019. D.I. 85. Pfizer supplemented its initial invalidity contentions on the agreed-to deadline with additional facts related to Pfizer's contention that the '997 patent is invalid under the known-or-used by others provision of 35 U.S.C. § 102(a) and the public-use

6

provision of 35 U.S.C. § 102(b) based on the preclinical and clinical activities that Barr conducted using Pliva's filgrastim in the United States. Pfizer also supplemented its initial contentions with additional facts related to Pfizer's contention that the '997 patent is invalid under the on-sale bar provision of 35 U.S.C §102(b) based on the March 30, 2005 Development, Supply, and Marketing Agreement between Pliva and Barr.

In the discovery period that followed Pfizer's supplementation, Amgen served 97 requests for production and 10 interrogatories, took depositions of former Pliva employees and current employees of Hospira, Zagreb d.o.o., subpoenaed third-parties Celerion, Inc. (formerly MDS) and SRI International (the entities who conducted preclinical and clinical trials using Pliva's filgrastim in the United States in 2006 and 2007), and pursued discovery from Pliva Hrvatska d.o.o. in Croatia and Teva Pharmaceuticals Industries, Ltd. in Israel through the Hague Convention.

Amgen already took extensive discovery of facts related to the transfer of rights to Pliva's filgrastim line of business, including any alleged abandonment thereof, and manufacturing sites that Amgen now claims not to have taken.

7

### 1. Amgen has Already Taken Discovery of the Facts Relevant to Transfer of the Prior-Commercial-Use Defense

Amgen claims not to have taken discovery of facts associated with whether the right to assert the prior-commercial-use defense transferred from Pliva to Hospira under 35 U.S.C. § 273(e)(1)(B) including discovery "as to the facts and circumstances surrounding the transactions after the 2005 Development and Supply Agreement." Amgen Mot. at 11.

In its request for production number 72, Amgen sought documents relating to the 2006 acquisition of Pliva by Barr, the 2008 acquisition of Barr by Teva, and the 2009 acquisition by Hospira from Pliva of worldwide rights to a biogeneric version of filgrastim and a biologic manufacturing facility. Ex. A[1], Amgen's Request for Production No. 72; *see also id.* Request for Production Nos. 91, 125, 66, 67, 70, 71, 108, 110, 111, 119, 120, 121, 122, 124, 127, 128, 129, 131, 133, 135, 147, 154. Pfizer produced over 50,000 documents in response to Amgen's requests including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. B, HOS-FILG-01924716-841 at HOS-FILG-01924717. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] "Ex. __" refers to the exhibits to the Declaration of Kevin Georgek, filed herewith.

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████ Ex. B at HOS-FILG-01924717, HOS-FILG-01924770; *see* Ex. C, Valinger (Nov. 24, 2020) Tr. at 147:17-148:4.

Amgen twice deposed Domagoj Runac, the Managing Director and Site Leader at Hospira Zagreb, d.o.o. and a former employee of Pliva, Barr, and Teva. Amgen questioned Mr. Runac on the acquisitions after the 2005 Development, Supply, and Marketing Agreement was executed. Ex. D, Runac (Dec. 9, 2020) Tr. at 29:3-34:11, 173:16-174:19. Amgen also twice deposed Dr. Goran Valinger, the Director of Manufacturing, Science, and Technology at Hospira Zagreb, and elicited testimony regarding the acquisition history from Pliva through Pfizer and the filgrastim manufacturing process and sites. Ex. E, Valinger (Sept. 19, 2019) Tr. at 35:11-38:19, 39:7-41:2; Ex. C, Valinger (Nov. 24, 2020) Tr. at 146:21-148:10.

In response to Amgen's Interrogatory No. 21, Pfizer described in detail transactions after the March 30, 2005 Development, Supply, and Marketing Agreement was executed including, for example, transactions related to Pliva and SRI's preclinical testing of Pliva's filgrastim, transactions related to Pliva and MDS's clinical testing of Pliva's filgrastim, and Barr's acquisition of Pliva. Ex. F,

9

Defendants' Suppl. Responses and Objections to Plaintiffs' Second Set of Interrogatories at 11-12, 16-29.

Amgen subpoenaed third party SRI seeking documents and deposition testimony regarding all agreements or contracts related to the Pliva filgrastim studies, including all agreements or contracts between each of Pliva, PAM, and Duramed on the one hand, and SRI on the other hand. D.I. 171-1, Amgen's Notice of Subpoenas on SRI International, page 12 of 40 (Request for Production Nos. 1, 5); D.I. 171-2, page 12 of 40 (Deposition Topics 1, 4, 7). Amgen obtained from SRI, for example, ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████

Amgen also subpoenaed third-party Celerion, Inc. ("Celerion"), who acquired MDS in March 2010, seeking similar information. D.I. 170-1, Amgen's Notice of Subpoenas on Celerion, Inc., pages 11-12 of 40 (Request for Production Nos. 1, 5, 9); D.I. 170-2 at page 11 of 39 (Deposition Topics 1, 5, 7, 8). Amgen obtained documents from Celerion, ████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████

Nearly a year after Pfizer supplemented its initial invalidity contentions with additional facts regarding its invalidity defenses under 35 U.S.C. §§ 102(a) and (b), Amgen began to pursue discovery under the Hague Convention as to the transactions after the 2005 Development, Supply, and Marketing Agreement from Teva and Pliva. *See, e.g.*, D.I. 162 at page 14 of 372 (Request for Production Nos. 5, 8, 9), page 19 of 372 (Deposition Topic 25); D.I. 163 at page 18 of 373 (Request for Production Nos. 5, 8, 9), page 21 of 373 (Deposition Topics 5, 9, 10). To Pfizer's knowledge, Amgen has yet to obtain any discovery regarding transactions after the 2005 Development, Supply, and Marketing Agreement from Pliva. After conducting an investigation, Teva confirmed that "there is nobody still at the company who is knowledgeable about the issued requests." Ex. I, Dec. 23, 2020 email from A. Lu to P. Sandel at 1.

All of this discovery led Amgen to conclude in its motion for partial summary judgment that Barr acquired Pliva in 2006 and in 2009 Hospira acquired the rights to Pliva's filgrastim product from Barr (then part of Teva). D.I. 208 at 3. This confirms that the transfer of the prior-commercial-use defense from Pliva/Barr to Hospira was "an ancillary and subordinate part of a good-faith assignment or transfer for other reasons of the entire enterprise or line of business to which the defense relates" and is not subject to the limitation in § 273(e)(1)(B).

11

### 2. Amgen has Obtained Discovery of the Facts Relevant to Abandonment of the Prior-Commercial-Use Defense

Amgen also claims to be prejudiced because it has allegedly not taken discovery of the facts and circumstances surrounding whether the prior commercial use was abandoned. Amgen Mot. at 12. In its fourth set of requests for production, Amgen broadly sought and obtained discovery relating to Investigational New Drug application ("IND") No. 100,379, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Ex. A, Amgen's Request for Production Nos. 151, 153; *see also id.* Amgen's Request for Production No. 147 (requesting all regulatory submissions to FDA and all communications between FDA and Hospira, Duramed, and Barr regarding filgrastim); Amgen's Request for Production No. 118 (requesting all documents relating to any importation of filgrastim into the United States including for any preclinical or clinical studies). Pfizer produced over 50,000 documents in response to Amgen's fourth set of requests for production.

Amgen's Interrogatory No. 26 requested that Pfizer describe the status of IND No. 100,379, from its filing with the FDA to the present, including ████████████████████████████████████████████████████████████████████████

12

████████████████████████████████████████████
████████████████████████████████████████. Ex. F, Pfizer's Suppl. Responses and Objections to Amgen's Second Set of Interrogatories, 75-76. In response, pursuant to Fed. R. Civ. P. 33(d), Pfizer specifically identified over 30 documents in its production that were responsive to Amgen's request (*Id.* at 75-78) including a December 19, 2006 pre-IND Meeting Information Package that discussed proposed preclinical and clinical development plans and minutes from meetings with the FDA on January 24, 2007 and December 2, 2008 to discuss the proposed product and clinical trials. Ex. J at HOS-FILG-00619711; Ex. K, HOS-FILG-00619871-90 at HOS-FILG-00619872, HOS-FILG-00619874; Ex. L, HOS-FILG-00619958-69 at HOS-FILG-00619959-60.

Amgen requested from Pliva pursuant to the Hague Convention all communications to or from the United States Food and Drug Administration relating to IND 100,379 from June 25, 2004 through June 25, 2010. D.I. 162-2, page 14 of 372 (Request for Production No. 8). To Pfizer's knowledge, Amgen's request for discovery from Pliva under the Hague Convention is still pending. Amgen also sought documents and testimony from Teva pursuant to the Hague Convention concerning all regulatory submissions to FDA and all communications between FDA and Pliva, Barr, and/or Duramed relating to the 2005 agreement,

including documents relating to IND 100,379. D.I. 163-2, page 19 of 373 (Request for Production No. 11), page 21 of 373 (Deposition Topic 13). After completing its investigation, Teva confirmed that it "has not located any documents related to the 2005 [Development, Supply, and Marketing Agreement]" and that "there is nobody still at the company who is knowledgeable about the issued requests." Ex. I, Dec. 23, 2020 email from A. Lu to P. Sandel.

Amgen deposed Domagoj Runac and Dr. Goran Valinger on the issues that relate to abandonment. After the preclinical and clinical studies were performed in the U.S. on Pliva's filgrastim in 2006 and 2007, Hospira received approval to market and sell filgrastim in Europe, Australia, and other countries in 2010 and received approval to market and sell filgrastim in the United States in 2018. Ex. D, Runac (Dec. 9, 2020) Tr. at 34:4-11; Ex. C, Valinger (Nov. 24, 2020) Tr. at 25:2-18. Dr. Valinger testified that the process Pfizer currently uses to manufacture filgrastim is "almost identical" to the process Pliva used to manufacture filgrastim, albeit on a larger scale. Ex. E, Valinger (Sept. 19, 2019) Tr. at 38:3-19.

Amgen has already taken broad discovery of the facts concerning whether the prior commercial use at issue was abandoned. The evidence Amgen obtained establishes that the Pliva-Barr project was not abandoned under Section 273(e)(4) and that the same filgrastim manufacturing process has been in use from the time it

was developed by Pliva to present, it was not abandoned and it meets the requirements of Section 273(e)(3).

### 3. Amgen has Obtained Discovery of Facts Relevant to the Restriction on Sites Limitation

Amgen claims not to have taken discovery of the "facts and circumstances surrounding Hospira's current manufacturing site and when the claimed process invention was first used there." Amgen Mot. at 12-13. In October 2018, Amgen requested documents sufficient to identify the geographic location for the manufacture of Pfizer's filgrastim biosimilar. Ex. M, Amgen's Request for Production No. 2(h). Amgen also requested all documents relating to the manufacture of the Filgrastim, G-CSF, or DR-4001 product that is the subject of the alleged sale(s), or offer(s) for sale, or public use or knowledge of the claimed invention under 35 U.S.C. §§ 102(b) or (a) and documents relating to the geographic location for the manufacture of all batches of filgrastim, G-CSF, or DR-4001. Ex. A, Amgen's Request for Production No. 149(h). Pfizer produced to Amgen its entire aBLA submission which contains extensive detail concerning Hospira's current manufacturing site. Pfizer also produced documents describing the location of the manufacture of batches of filgrastim that were used in preclinical and clinical studies in the United States from 2006 to 2007. *See, e.g.*,

15

Ex. J, Type B Pre-IND Meeting Information Package at HOS-FILG-00619750, HOS-FILG-00619830.

Amgen also elicited testimony from Dr. Valinger regarding where and when Hospira and its predecessor entities manufactured filgrastim.  For example, Dr. Valinger testified that ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ Ex. E, Valinger (Sept. 19, 2019) Tr. at 38:7-19.  Dr. Valinger also testified that ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████ Ex. E, Valinger (Sept. 19, 2019) Tr. at 40:17-22; *see also* Ex. C, Valinger (Nov. 24, 2020) Tr. at 24:22-25:18.  Dr. Valinger and Mr. Runac also confirmed that Pfizer acquired Hospira in 2015.  Ex. E, Valinger (Sept. 19, 2019) Tr. at 35:14-16; Ex. D, Runac (Dec. 9, 2020) Tr. at 33:22-34:3.

Amgen has already taken broad discovery of every topic relevant to Pfizer's Section 273 defense that Amgen identified in its Motion to Strike.  Amgen Mot. at 9-13.  Amgen is therefore not prejudiced by Pfizer's assertion of the prior-commercial-use defense and Amgen's Motion to Strike should be denied.

| | |
|---|---|
| OF COUNSEL:<br><br>Dimitrios T. Drivas<br>Alison Hanstead<br>John Scheibeler<br>Kevin Georgek<br>Brigid Bone<br>WHITE & CASE LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>(212) 819-8200<br><br>Jaclyn Phillips<br>Shannon Lane<br>WHITE & CASE LLP<br>701 13th Street NW<br>Washington, DC 20005<br>(202) 626-3600<br><br>Elizabeth Chang<br>WHITE & CASE LLP<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA 90071<br>(213) 620-7853<br><br>Dated: August 3, 2021 | Respectfully submitted,<br><br>CONNOLLY GALLAGHER LLP<br><br>*/s/ Arthur G. Connolly, III*<br>Arthur G. Connolly, III (#2667)<br>Brandon R. Harper (#6418)<br>1201 North Market Street, 20th Floor<br>Wilmington, DE 19801<br>(302) 757-7300<br>aconnolly@connollygallagher.com<br>bharper@connollygallagher.com<br><br>*Attorneys for Defendants Hospira, Inc. and Pfizer Inc.* |